## BUNCH v KAYIAN

### Case No. 86-243-SP-11

County Court, Monroe County

August 19, 1986

**APPEARANCES OF COUNSEL**

**Janet Sue Bunch,** pro se.

**Harry Kayian,** pro se.

### OPINION OF THE COURT

RICHARD G. PAYNE, County Judge.

Plaintiff, JANET SUE BUNCH, sues her landlord, HARRY KAYIAN, seeking refund of rental moneys previous paid.

Plaintiff's rent was paid to May 7, 1986 which was the last day of her lease. Plaintiff was advised indirectly that the landlord wished for her to move out so that the apartment could be remodeled and the rent increased. Plaintiff followed up on this information by proposing to move out five and one-half (5½) weeks early and receive a rent refund

covering four (4) weeks or in the alternative Plaintiff would move out early and just leave the apartment empty until her lease was up. The landlord advised her that he did not wish to refund any rent. Plaintiff moved out March 28, 1986. During the first week of April 1986, the apartment was painted by the landlord and on April 9, 1986 new carpet was installed and on May 2, 1986 a new tenant moved in all without the consent or approval of Plaintiff.

Plaintiff now seeks refund of the rent paid by her for the period of time due to the landlord's use of the premises without her consent.

This is a case of first impression.

Normally, the landlord is entitled to collect rent for the duration of his lease and a tenant vacating the leasehold prior to the expiration of his or her lease, would not be entitled to a refund of rent.

The true issue in this case, however, is whether or not the tenant vacating the leasehold prior to the expiration of her lease can exclude access to the landlord until the lease has expired.

The paramount right of a tenant is the right to occupy or possess the leased premises, as opposed to all others. Having paid for the right to have exclusive use of the premises, the tenant may also decide to leave the premises empty and exclude all others including the landlord. The tenant's right to exclude his landlord is subject only to the right of entry the landlord may have expressly reserved unto himself by the terms of his lease or those rights of access conveyed by common law and by statute.

There is no contention that the parties' lease conveys rights of access to the landlord, therefore, Florida Statute 83.53 is controlling.

The subject statute codifies the common law and sets forth the basic legal principle that the tenant may not unreasonably withhold consent for the landlord to enter the premises from time to time for such purposes of inspecting the premises or making repairs.

Paragraph (d) of Florida Statute 83.53(2) provides:

". . . If the rent is current and the tenant notifies the landlord of an intended absence, then the landlord may enter only with the consent of the tenant or for the protection or preservation of the premises."

In the case to be decided the tenant's rent was paid in full to the end of her lease. The premises could not be entered without the consent of the tenant except for protection or preservation of the premises. It cannot be argued that painting and carpeting was necessary for the protection or preservation of the premises.

129

Indeed, the Plaintiff's lease terminated on May 7, 1986 and the premises was leased to another party on May 2, 1986. Nothing could be more violative of one's lease than to have a third party placed in possession of the demised premises. There is no instance in the law where an overlapping tenancy has been recognized or sanctioned.

The premises considered, it is

ORDERED and ADJUDGED that Plaintiff JANET SUE BUNCH do have and recover from Defendant, HARRY KAYIAN, the sum of $449.92 representing rent refund due from April 1, 1986 through May 7, 1986, together with court costs in the amount of $43.00 for all of which let execution issue.

DONE and ORDERED in chambers in Key West, Monroe County, Florida this 19th day of August, 1986.